UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA GONZALEZ-VERA, et al.,         )<br>                                                            )<br>                  Plaintiffs,              )<br>v.                                                      )         Civ. No. 07-995 HHK<br>                                                            )<br>MICHAEL VERNON TOWNLEY, et al.,  )<br>                                                            )<br>                  Defendants.           )<br>_____)  | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants oppose plaintiffs' motion for summary judgment for the reasons stated in defendants' motion to dismiss, or alternatively, for summary judgment, which is incorporated herein by reference. In the interest of efficiency and economy, those arguments will not be repeated here, but instead, will be summarized. The reasons are that the Court lacks jurisdiction over plaintiffs' claims under 18 U.S.C. § 3523, because that statute does not permit actions by non-residents of the United States. Neither of the instant plaintiffs is a United States resident. In addition, contrary to plaintiffs' claim, the Attorney General has in fact fully complied with his obligations under 18 U.S.C. § 3523. Therefore, no relief of any kind, much less the extreme measure of mandamus relief, is warranted. The appointment of a guardian would be pointless and could risk endangering defendant Townley's safety and thereby subvert the purposes of the witness security program.

The suggestion that defendant Townley has hidden assets is based on pure conjecture and hearsay from sources that are decades old and in some cases predate his 1978 incarceration here in the United States. See, e.g., Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment ("Pl. Memo.") at 7 (Oct. 10, 1979 Washington Post article); id.

at 4 (April 7, 1978 New York Times article); id. (1980 book); id. (Aug. 16, 1993 television interview transcript); id. at 5 (Feb. 14, 1979 New York Times article); id. at 5 (Feb. 23, 1982 Washington Post article).  These sources offer no reliable or even admissible evidence for the contention that defendant Townley has hidden wealth which can be used to pay the judgment.  Moreover, plaintiffs' counsel knows that no hidden assets were found to exist as of 1986.

Even if defendant Townley were profiting from newly devised money laundering or fraudulent investment schemes, Pl. Memo. at 7, 17, which would violate his protection agreement, 18 U.S.C. § 3521(d)(1)(B), his ill-gotten gains could be the target of a criminal prosecution (and forfeited), but they could not properly be used to pay this judgment.  The alleged fact that defendant Townley may at some point have benefitted from the legal representation of a large law firm, Pl. Memo. at 5, does not prove he has disposable wealth, particularly in the absence of any proof that he was not represented pro bono or that he actually paid any legal bills.

Finally, the alleged fact that three decades ago defendant Townley engaged in criminal activities such as assassination and murder, Pl. Memo. at 6, is irrelevant and does not prove that he is lying about his current financial circumstances.  See Fed. R. Evid. 609(b) (imposing ten year time limit on admissibility of evidence of a conviction for impeachment purposes).  Rather, the fact that he is under a statutory obligation to be truthful about his finances upon risk of being terminated from the protection program, 18 U.S.C. § 3521(d), and that such termination could jeopardize his life, see United States v. Sampol, 636 F.2d 621, 679 (D.C. Cir. 1980) (stating that Mr. Townley is potentially "a marked man for his entire life"), is far more compelling proof that the information he provided to the Attorney General in a 2007 sworn affidavit is accurate.  The

Attorney General has investigated defendant Townley's assets and liabilities and found no evidence of a reasonable ability to make payments toward the judgment beyond $75 per week. Declaration of Stephen J. T'Kach ¶ 7 (attached as Exhibit 1 to Memorandum in Support of Motion to Dismiss, or Alternatively, for Summary Judgment). Plaintiffs' allusions to past misconduct and speculation about defendant Townley's potential for lying are not a sound basis for altering that conclusion.[1]

## CONCLUSION

For the foregoing reasons, in addition to those stated defendants' motion to dismiss, or alternatively, for summary judgment, plaintiffs' motion for summary judgment should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Director

**/s/ Lisa A. Olson**
LISA A. OLSON
U.S. Department of Justice, Civil Division
20 Mass. Ave., N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-5633
Telefacsimile: (202) 616-8470
E-mail: lisa.olson@usdoj.gov

Dated: Oct. 1, 2007                               Counsel for Defendants

---

[1] The assertion that the Attorney General ignored plaintiffs in their attempt to obtain relevant information about defendant Townley's finances is inaccurate. See Pl. Memo. at 2. The Attorney General did respond. See T'Kach Dec. ¶¶ 7-8. In fact, it was plaintiffs who failed to respond to the May 17, 2007 invitation by the Director of the Witness Security Program to meet regarding this matter before the complaint in this case was filed. Id. ¶ 8.