IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA GONZÁLEZ-VERA, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>MICHAEL VERNON TOWNLEY, et al., )<br>)<br>Defendants. )<br>) | Civ. No. 07-995 (HHK) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs brought suit in this action to enforce an outstanding $7,259,700 judgment ("Judgment") that this Court issued against Defendant Michael Vernon Townley, a protected individual in the Witness Security Program, in connection with Townley's role in the torture and death of Carmelo Soria Espinoza, the late husband of Plaintiff Laura González-Vera. Under 18 U.S.C. § 3523, Plaintiffs are required to prove two conditions in order to be entitled to a court-appointed guardian's assistance in enforcing the Judgment. Plaintiffs must show: (1) that they hold a valid Judgment against Townley, a protected person; and (2) that the Attorney General has refused Plaintiffs' request to disclose Townley's identity and location. Defendants do not dispute that Plaintiffs have met both these elements. Furthermore, contrary to Defendants' contention, this Court does have jurisdiction pursuant to 28 U.S.C. § 1331. Lastly, Congress explicitly considered the safety of individuals in the Witness Security Program and decided that a court-appointed guardian struck the appropriate balance between these individuals' safety and the rights of those holding judgments against them.

**ARGUMENT**

A.    **Defendants Misinterpret the Statute that Gives
Plaintiffs the Right to a Court-Appointed Guardian**

Plaintiffs have proven the two conditions that entitle them to a court-appointed guardian under 18 U.S.C. § 3523 (b)(3). First, Plaintiffs hold a valid judgment against Townley, a protected person. Second, the Attorney General has refused to disclose Townley's current identity and location in response to Plaintiffs' appropriate requests. Defendants do not dispute these facts.[1]

Defendants contend that the Attorney General has taken appropriate steps to ensure Townley's reasonable compliance with Plaintiffs' Judgment, and that Plaintiffs are entitled to nothing more.[2] *See* 18 U.S.C. § 3523. While the Attorney General's efforts may be consistent with his obligations under 18 U.S.C. § 3523(a), this does not diminish Plaintiffs' right to a guardian under 18 U.S.C. § 3523(b).[3] Subsection (b) specifically directs those holding a judgment against a protected person to bring suit seeking court appointment of a guardian upon the Attorney General's decision to deny disclosure of the person's identity and location. 18 U.S.C. § 3523(b)(1), (3). Thus the statute, by its plain meaning, contemplates the appointment of a guardian even in the event the Attorney General decides that the protected person has made reasonable efforts to comply with a judgment under 18 U.S.C. § 3523(a).

---

[1] Mem. in Supp. of Defs.' Mot. to Dismiss, or Alternatively, for Summ. J. 1, 3, 4 (conceding and affirming that: (1) Townley is provided protection under the Witness Security Program; (2) Plaintiffs twice requested that the Attorney General disclose Townley's current location and identity; and (3) the Attorney General never granted Plaintiffs' request).

[2] *Id.* 2 (asserting that the Attorney General has ascertained Townley's current financial situation, determined what payments Townley could reasonably make, and obtained Townley's agreement to make such payments and concluding "the statute requires nothing more").

[3] 18 U.S.C. § 3523(b) contains seven subsections providing Plaintiffs additional bases for relief beyond those in Subsection (a). In accordance with basic principles of statutory interpretation, this Court should not accept the Defendants' proffered interpretation which inexplicably renders the majority of the statute void and insignificant. *United States v. Menasche*, 348 U.S. 528, 539 (1955) (holding that one clause within the relevant statute preserved plaintiff's claim and that the government's conflicting interpretation would require the court to "emasculate an entire section").

Defendants instead contend that, "[o]nly when the Attorney General has <u>not</u> found reasonable efforts to comply with a judgment can a guardian be appointed who would then have access to the witness's location and identity." Mem. in Supp. of Defs.' Mot. to Dismiss 2 [herinafter Defs.' Mem.] (emphasis original). Nothing in the relevant text of 18 U.S.C. § 3523(b) supports this proposition:

> (3) Upon a determination (A) that the petitioner holds a judgment entered by a Federal or State court and (B) that the Attorney General has declined to disclose to the petitioner the current identity and location of the protected person against whom the judgment was entered, *the court shall appoint a guardian to act on behalf of the petitioner to enforce the judgment*. The clerk of the court shall forthwith furnish the guardian with a copy of the order of appointment. The Attorney General shall disclose to the guardian the current identity and location of the protected person and any other information necessary to enable the guardian to carry out his or her duties under this subsection.

18 U.S.C. § 3523(b)(3) (emphasis added).

Plaintiffs are entitled to a guardian by the plain language of Section 3523. As the Supreme Court has held, the plain language of a statute "must ordinarily be regarded as conclusive." *See Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108 (1980).

**B.    This Court properly has subject matter jurisdiction under 28 U.S.C. § 1331 for Plaintiffs' claims arising under 18 U.S.C. § 3523 and 28 U.S.C. § 1361**

Plaintiffs claims arise under 18 U.S.C. § 3523 and 28 U.S.C. § 1361, as noted in previous pleadings. Pls.' Am. Compl. ¶¶ 25-34; Mem. of P. & A. in Supp. of Pls.' Mot. for Summ. J. 1, 10-20. This Court has jurisdiction over these claims under 28 U.S.C. § 1331 because they arise under federal law. *See* Pls.' Am. Compl. ¶¶ 1-2. Defendants nevertheless challenge this Court's subject matter jurisdiction over the claims by citing to a venue provision in the statute. Defs.' Mem. 5 (citing to 18 U.S.C. § 3523(b)(1)). Central to Defendants' argument is that the word "resides," in 18 U.S.C. § 3523(b)(1), should be interpreted as imposing an additional jurisdictional requirement whereby no federal court may exercise jurisdiction over a claim

3

arising under 18 U.S.C. § 3523(b)(1) unless the party bringing the claim resides within the district where the claim is brought. *See* Defs.' Mem. 4-7. Defendants' argument is misguided. For jurisdictional purposes, when claims arise under federal law, the parties' residency is immaterial. *See* 28 U.S.C. § 1331. Regardless of the Estate of Soria's or Mrs. Laura González-Vera's residency status, this Court may hear their case because federal claims form the legal basis for their right to relief.

Even assuming, *arguendo*, that Defendants' interpretation has some merit, which Plaintiffs argue that it does not, and that the relief provided for in 18 U.S.C. § 3523 is not available to non-resident plaintiffs, this Court's exercise of jurisdiction is still proper. Plaintiff Estate of Soria is a resident in this federal district by and through its personal representative Aaron Lloyd, a "judgment holder" who "resides" in the District of Columbia within the meaning of 18 U.S.C. § 3523(b)(1). Mr. Lloyd is a resident of the District of Columbia and holds the judgment at issue in this case. *See* Order for Default J. Against Def. Michael Vernon Townley, *González-Vera v. Kissinger*, No. 02-02240 (D.D.C. Nov. 23, 2005). In his capacity as personal representative of the Soria Estate, Mr. Lloyd has a statutory grant of authority to bring claims to collect on debts owed to the estate.[4] Therefore, Mr. Lloyd's proper appointment as personal representative correctly allows him to hold the judgment and to enforce the judgment in the District Court of the District of Columbia, where he is a resident. The Defendants have made complex something that is very simple: Mr. Lloyd is a creditor who resides in the District of

---

[4] *See* DC ST § 20-741(18) (granting personal representatives the power to "prosecute or defend or submit to arbitration, actions, claims or proceedings in *any appropriate jurisdiction for the benefit of the estate*…or to compromise, arbitrate, settle, or otherwise *adjust any claims, charges, debts, or demands against or in favor of the estate*") (emphasis added). *See also* Uniform Probate Code, UPC 3-715(22) ("A personal representative has the power to prosecute or defend claims, or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties.").

4

Columbia and is therefore entitled to relief under Section 3523, including appointment of a guardian.

    **C.    Defendants' Tactics are at War with Congressional Command to Provide a Timely and Effective Enforcement of Judgments**

Defendants' attempt to deny Plaintiffs' statutorily guaranteed remedy frustrates congressional intent. Defendants contend that concerns for Defendant Townley's safety override enforcement of the statute, even though Congress specifically considered the safety of individuals like Townley in passing Section 3523. Congress decided that the provision of a guardian strikes the proper balance between the safety of protected persons and the rights of plaintiffs who hold judgments against them.[5] Furthermore, this Court found it proper to appoint a guardian pursuant to Section 3523 in previous litigation against Townley when he was a protected person.[6]

    **D.    Request for Pretrial Conference**

A pretrial conference is necessary to facilitate full and complete communication between the parties, which has heretofore been lacking, for the reasons below and for those put forth in Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for A Pretrial Conference, which is incorporated herein by reference. Plaintiffs submit that a pretrial conference would allow parties to suggest guardian candidates and to discuss mechanisms by which a guardian could perform his duties. Plaintiffs thus reiterate their request for this Court to

---

[5] **H.R. Rep. No. 98-767**, at 23 (1984) ("The use of a guardian is calculated to maximize the security of the protected witness. This type of disclosure—to the guardian as an officer of the court—will allow access to a sufficient amount of information to secure enforcement of the judgment.")

[6] *See Letelier v. Townley*, Mem. and Order (filed Mar. 16, 1987) at 1, No. 85-0761 (D.D.C. 1987) (restating that a guardian was appointed to enforce a judgment against Townley where plaintiffs held a valid judgment and the Attorney General declined to disclose Townley's identity and location); *see also Letelier*, Defs.' Opp'n and Resp. to Pet. for Appointment of a Guardian to Enforce J. (filed June 21, 1985) at 10, No. 85-0761, (rejecting Townley's protests that providing a guardian would endanger his safety).

grant a pretrial conference pursuant to Fed. R. Civ. P. 16(a).  A speedy resolution would be in the interests of all involved.

E.      **Conditional Motion for Rule 56(f)**

Plaintiffs moved for summary judgment based on their belief that no genuine issue of *material* fact exists and, therefore, they are entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Defendants seek to avoid summary judgment in favor of Plaintiffs by misinterpreting 18 U.S.C. § 3523 and presenting facts that are extraneous to the question of whether Plaintiffs are entitled to summary judgment on the issue of a guardian.  Plaintiffs question the veracity of some of the facts in Defendants' Statement of Material Facts as to Which There Is No Genuine Dispute.  Plaintiffs are powerless to verify these facts because the necessary information is "solely in the control" of the Defendants, and, therefore, not available to Plaintiffs without discovery.[7]  Nevertheless, Plaintiffs assert that these unverified facts are not material to the issue of whether this Court should appoint a guardian and Plaintiffs are entitled to summary judgment based on the facts put forth in their own statement of material facts, which Defendants have confirmed are not in dispute.[8]  If, however, this Court finds that the Defendants' unverified facts are material, Plaintiffs submit that the appropriate remedy would be to deny Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, and allow Plaintiffs discovery pursuant to Fed. R. Civ. P. 56(f).  Attached, and incorporated herein by reference, is Plaintiffs' Rule 56(f) Affidavit,

---

[7] *See Schaffer v. Kissinger*, 505 F.2d 389 (D.D.C. 1974).
[8] *See* Defs.' Statement of Material Facts As To Which There Is No Genuine Dispute 1 n1.

outlining the information Plaintiffs would seek should this Court grant discovery pursuant to Fed. R. Civ. P. 56(f).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Summary Judgment and order a conference.

Dated November 19, 2007                                             Respectfully submitted,

                                                                                            /s/_____
                                                        Ali Beydoun
                                                        D.C. Bar No. 475413
                                                        Michael E. Tigar
                                                        D.C. Bar No. 103762
                                                        Attorney for Plaintiffs
                                                        4801 Massachusetts Ave, NW
                                                        Suite 206(c)
                                                        Washington, DC 20016
                                                        202-274-4088