IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA GONZÁLEZ-VERA, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL VERNON TOWNLEY, et al., )<br>)<br>Defendants. )<br>) | Civ. No. 07-995 (HHK) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR PRETRIAL CONFERENCE**

Plaintiffs respectfully reiterate that it is consistent with the letter and spirit of Fed. R. Civ. P. 16(a) for the Court to hold a conference with the parties in order to expedite this case, foster a potential settlement, and establish procedures for the speedy and just disposition of this action.

This Court entered a judgment of more than $7 million against Defendant Michael Vernon Townley in connection with his role in the torture and death of Carmelo Soria Espinoza, the deceased husband of Plaintiff Laura González-Vera. The Attorney General has failed to bring about collection of that judgment or provide information that would allow Plaintiffs to collect the judgment themselves. Therefore, judicial oversight is necessary to enforce the judgment and provide Plaintiffs with the means to collect their award.

Defendants assert that Plaintiffs' counsel somehow failed to take appropriate steps to resolve this matter. This accusation is false and underscores the need for a pretrial conference to facilitate communication and reach a settlement. Defendants label as inaccurate "[t]he assertion that the Attorney General ignored plaintiffs in their attempt to obtain relevant information about defendant Townley's finances." Defs.' Opp'n to Pls.' Mot. for Summ. J. 3 n. 1. They support this contention by citing to an affidavit that contains a list of actions that the U.S. Marshals

1

Service took on behalf of the Attorney General in response to Plaintiffs' letter of February 2, 2007. Decl. of Stephen J. T'Kach. Defendants fail to mention that, while the Attorney General's agents were taking these actions, they did not so much as acknowledge receipt of the Plaintiffs' request. In fact, as one barometer of delay, Defendants' first acknowledgement of Plaintiffs' February 2 letter was their May 17, 2007 letter presenting their findings to Plaintiffs.

Defendants then go so far as to accuse Plaintiffs of "fail[ing] to respond to the May 17, 2007 invitation by the Director of the Witness Security Program to meet regarding this matter before the complaint in this case was filed." Defs.' Opp'n to Pls.' Mot. for Summ. J. 3 n. 1. This is also untrue. In response to the May 17 letter, Plaintiffs' counsel spoke by telephone with the Assistant Deputy Attorney General and also met with the Witness Security Program Director, his associate, and Victor Stone, a high ranking career Justice Department official involved with international criminal matters. As a result of that meeting, Plaintiffs' counsel proposed a comprehensive settlement of this dispute, to which Defendants have yet to make a detailed reply. Plaintiffs filed their complaint on June 1, 2007, not for the purpose of forcing litigation, but to preserve their right to relief through the courts before the statutory period expired. Plaintiffs' counsel has offered to put the entire matter on hold if meaningful settlement discussions can be held. Indeed, Plaintiffs' counsel has repeatedly sought to open settlement discussions through conversations with ranking DOJ officials. Defendants have instead chosen to litigate, their first step being a motion to dismiss.

Defendants argue that motions before this court are potentially dispositive and, therefore, a pretrial conference is unnecessary because no trial may ever occur. In Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, also filed this day, Plaintiffs point out fundamental infirmities in the motions that Defendants consider potentially

2

dispositive. Moreover, Defendants' view of the utility of a Rule 16 conference is unduly narrow. The various motions before the Court may well be resolved to the satisfaction of both parties by a single conference facilitated by Judicial oversight.

## CONCLUSION

In conclusion, a conference before the Court will serve the interests of judicial efficiency, ensure respect for the rule of law by requiring Defendants to meet their legal obligations before the Court, and allow Plaintiffs to collect their judgment.

For these reasons Plaintiffs' Motion for Pretrial Conference should be granted.

Dated November 19, 2007                                          Respectfully submitted,

_____/s/_____
Ali Beydoun
D.C. Bar No. 475413
Michael E. Tigar
D.C. Bar No. 103762
Attorney for Plaintiffs
4801 Massachusetts Ave, NW
Suite 206(c)
Washington, DC 20016
202-274-4088

3