**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LAURA GONZÁLEZ-VERA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No.  07-995 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL VERNON TOWNLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiffs oppose Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment for the reasons stated in Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, which is incorporated herein by reference.  In summary, Plaintiffs reiterate the points that follow.

Under 18 U.S.C. § 3523 (hereinafter "Statute") Plaintiffs are entitled to a court-appointed guardian for the purpose of enforcing their judgment against Defendant Michael Vernon Townley.  The Statute requires that the court appoint a guardian for the purpose of enforcing a judgment against a protected person upon finding that (1) plaintiffs hold a valid judgment against a protected person, and (2) the Attorney General has refused plaintiffs' request to disclose that person's identity and location.  Defendants do not dispute that Plaintiffs hold a valid judgment against Townley or that the Attorney General has not disclosed his location.  Therefore, pursuant to the Statute, this Court must appoint a guardian.

Defendants erroneously contend that Section 3523 contains a jurisdictional component relating to the residency of the Plaintiffs that prevents them from seeking relief in this Court. They challenge this Court's subject matter jurisdiction by citing to a venue provision in Section 3523.  However, this Court may properly exercise jurisdiction pursuant to 18 U.S.C. § 1331

because Plaintiffs' claims arise under federal law.  Furthermore, even in the context of

Defendants' erroneous contention, Aaron Lloyd, personal representative of Plaintiff Estate of

Soria, is a creditor who resides in the District of Columbia and is therefore entitled to relief under

the Statute, including appointment of a guardian.  Moreover, rendering plaintiffs with valid

judgments powerless to enforce those judgments based on their residency or citizenship is

adverse to public policy.

Finally, Defendants contend that concerns for Townley's safety override enforcement of

18 U.S.C. § 3523.  Not only is there no basis for this argument in the Statute itself, but Congress

explicitly considered the safety of protected persons and decided that a court-appointed guardian

struck the appropriate balance between these individuals' safety and the rights of those who hold

judgments against them.  Granting Defendants' Motion to Dismiss or, Alternatively, for

Summary Judgment would not only defy the plain language of Section 3523, but would also

defeat congressional intent and circumvent the underlying public policy goals of ensuring that

justice is served and the court's judgments are enforced.

## CONCLUSION

For the foregoing reasons, in addition to those stated in Plaintiffs' Reply to Defendants'

Opposition to Plaintiffs' Motion for Summary Judgment, Defendants' Motion to Dismiss or,

Alternatively, for Summary Judgment should be denied.

Dated November 19, 2007                                      Respectfully submitted,

                                                  _____/s/_____
                                                  Ali Beydoun
                                                  D.C. Bar No. 475413
                                                  Michael E. Tigar
                                                  D.C. Bar No. 103762
                                                  Attorney for Plaintiffs
                                                  4801 Massachusetts Ave, NW
                                                  Suite 206(c)
                                                  Washington, DC 20016
                                                  202-274-4088

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAURA GONZÁLEZ-VERA, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | Civ. No. 07-995 (HHK) |
| v.    ) | |
| ) | |
| MICHAEL VERNON TOWNLEY, et al.,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

**RULE 56(f) AFFIDAVIT IN SUPPORT OF PLAINTIFFS'**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

1.  I am submitting this Affidavit pursuant to Fed. R. Civ. P. 56(f) in support of the Plaintiffs' position that, should this Court find that facts included in Defendants' Statement of Material Facts as to Which There Is No Genuine Dispute are material to this Court's decision regarding Summary Judgment, then Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment should be denied or stayed pending discovery.

2.  Defendants filed the instant motion raising numerous issues of fact within their exclusive knowledge and control. Plaintiffs are unable to fully respond to the legal claims raised without discovery for the purpose of examining the evidence relied upon to substantiate those claims. *See Schaffer v. Kissinger*, 505 F.2d 389 (D.D.C. 1974) (reversing summary judgment in favor of defendant where plaintiff stated by affidavit that genuine factual issues existed but, without discovery, he could not present verified facts to justify his opposition).

3.  A myriad of discoverable information and materials are within the exclusive control of the Defendants and have not been examined by Plaintiffs. Access to this information is necessary for Plaintiffs to establish whether the Attorney General took reasonable steps to urge Defendant Michael Vernon Townley to comply with the judgment, as required under 18 U.S.C. 3523(a).

4.  Specifically, Plaintiffs cannot determine whether Townley's proposed payment of $75 per week constitutes a reasonable effort to comply with Plaintiffs' $7,259,700 judgment.

5.  Plaintiffs need to depose Mr. Steven T'Kach, who oversaw the evaluation of Townley's current financial standing on the Attorney General's behalf. Plaintiffs need to inquire whether Mr. T'Kach reached the $75 determination through an objective evaluation of Townley's assets or through negotiations with Townley. Plaintiffs further need to inquire which resources Mr. T'Kach utilized in his examination of Townley's assets, particularly those "not available to a guardian." *See Mem. in Supp. of Defs.' Mot. to Dismiss, or Alternatively, for Summ. J.* 2. Plaintiffs also require a study of Townley's baseline financial situation, which agents of the Attorney General have "arranged for and [are] intimately familiar with." *Id.* at 10. Further, Plaintiffs need to ascertain all questions and information that Mr. T'Kach requested from Mr. Jeff Johnson, Townley's Dickstein Shapiro LLP attorney. Lastly, Plaintiffs need to inquire as to Townley's pending retirement, and determine the weight that Mr. T'Kach placed on Townley's comfortable existence as opposed to his compliance with a civil judgment.

6.  Plaintiffs need to depose Townley. Plaintiffs need to inquire as to the conditions surrounding the taking of his 2007 affidavit. This includes a description of his discussions with Mr. T'Kach to discover whether Townley perceived the discussions as negotiations or an objective analysis of his assets. Further, Plaintiffs need to conduct a detailed, thorough inquiry into all of Townley's past and present assets and sources of income.

7.  Plaintiffs need to depose Mr. Johnson, Townley's Dickstein Shapiro LLP attorney, who played an active role in Mr. T'Kach's examination. Plaintiffs need to inquire as to the form and source of Mr. Johnson's compensation for legal services rendered in representing Townley. Plaintiffs need to verify whether, as Defendants speculate, Mr. Johnson provided Townley's legal services pro bono or otherwise went unpaid. *See Defs.' Opp'n to Pls.' Mot. for Summ. J.* 2. Plaintiffs need to know what Mr. Johnson provided to the Attorney General regarding Townley's assets, liabilities, financial history, and ability to pay the judgment.

8.  Plaintiffs also require the following documents: all correspondence to Mr. Johnson from anyone acting on behalf of the Attorney General regarding Townley's ability to pay this judgment; all correspondence from Mr. Johnson in reply to these inquiries as well as all documents submitted in connection with these requests; the 2007 Townley Affidavit; all documents that Mr. T'Kach or anyone acting on behalf of the Attorney General considered when assessing Townley's financial situation; the retainer Agreement between Dickstein Shapiro and Townley; all financial records that report Townley's financial status.

9.  All of the foregoing information is both material and discoverable, but unavailable to Plaintiffs. Accordingly, Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment should be dismissed or stayed pending an opportunity to engage in discovery.

In accordance with the provisions of 28 U.S.C. § 1746, I solemnly declare or affirm, under penalty of perjury, that the facts contained in the foregoing Affidavit consisting of three (3) pages, are true to the best of my knowledge, information and belief.  Executed on this 19th day of November, 2007.

Signature of Affiant _____

Michael E. Tigar