UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAURA GONZALEZ-VERA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civ. No. 07-995 HHK |
| | ) | |
| MICHAEL VERNON TOWNLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS,
OR ALTERNATIVELY, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Court lacks jurisdiction over plaintiffs' claims because neither of the judgment-

holders who stand to benefit from this action reside in any District in the United States, as

required by 18 U.S.C. § 3523(b)(1). Furthermore, plaintiffs offer no evidence to refute the fact

that the Attorney General has fully complied with his obligations under 18 U.S.C. § 3523 and

has obtained defendant Townley's agreement to make reasonable payments toward the judgment

in this case. In arguing that a guardian should be appointed, plaintiffs rely on § 3523(b) without

regard to the requirements of § 3523(a) and thereby violate statutory construction principles.

When properly read in tandem, subsections (a) and (b) of § 3523 clearly indicate that the

appointment of a guardian is not authorized here. Finally, there is no authority anywhere in

§ 3523 for discovery regarding defendant Townley's assets. Therefore, defendants' motion to

dismiss, or alternatively, for summary judgment should be granted, and plaintiffs' motion for

summary judgment should be denied.

**ARGUMENT**

**1.     The Court Lacks Jurisdiction Over Plaintiffs' Claims**

Plaintiffs argue that the parties' residency is immaterial to the Court's jurisdiction

because their claim arises under the federal question jurisdictional statute, 28 U.S.C. § 1331.

Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Pl. SJ

Reply") at 4.  Plaintiffs fail to cite any authority for this proposition, and indeed, it is completely

baseless.  Section 1331 does not confer a license to ignore the provisions of the underlying

federal statute in this lawsuit, 18 U.S.C. § 3523, nor does it nullify the venue and residency

requirements of § 3523(b)(1).  See Wade v. Blue, 369 F.3d 407, 411 n.2 (4th Cir. 2004) (holding

that a specific limitation on federal court jurisdiction overrides the general grant of federal

jurisdiction in 28 U.S.C. § 1331); see also Int'l Science & Tech. Inst., Inc. v. Inacom Commc'ns,

Inc., 106 F.3d 1146, 1153-54 (4th Cir. 1997) ("Because federal-question jurisdiction ultimately

depends on an act of Congress, the scope of the district courts' jurisdiction depends on that

congressional intent manifested in statute.").  Therefore, plaintiffs' action may only be brought

in the district where the person holding the judgment resides, in accordance with 18 U.S.C.

§ 3523(b)(1).

Plaintiffs contend that in his capacity as personal representative of the Soria Estate, Mr.

Lloyd has a statutory grant of authority under District of Columbia law to bring claims to collect

debts owed to the estate.  Pl. SJ Reply at 4.  However, the D.C. law in question requires that any

such action be brought in an "appropriate jurisdiction."  Pl. SJ Reply at 4 n.4.  Thus, it does not

conflict with the federal requirement that the action be brought in the "district where the person

holding the judgment resides."[1]  18 U.S.C. § 3523(b)(1).

Moreover, as the personal representative of decedent Soria's estate, Mr. Lloyd is not the "real party in interest" with respect to this judgment enforcement action and therefore cannot properly be deemed a "judgment holder" for jurisdictional purposes under 18 U.S.C. § 3523(b)(1).  See Fed. R. Civ. P. 17(a) (stating that executor or administrator may sue in the name of the "real party in interest," for whose benefit the action is brought); cf. 28 U.S.C. § 1332(c)(2) (for purposes of diversity jurisdiction, "the legal representative of the estate of the decedent shall be deemed to be a citizen only of the same State as the decedent"); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 93-94 (2005) (same).  Rather, the estate of Mr. Soria holds the judgment, and since Mr. Soria does not allege that he was a resident of the District of Columbia or even of the United States, and in fact alleges that he was a citizen of Chile and Spain, Plaintiffs' Amended Complaint ¶ 5, the Court lacks jurisdiction over his claims.[2]

## 2.    Plaintiffs Are Not Entitled To A Court-Appointed Guardian

Plaintiffs erroneously argue that they are automatically entitled to a court-appointed guardian under 28 U.S.C. § 3523(b)(3) because the Attorney General has refused plaintiffs' request to disclose defendant Townley's identity and location.  Pl. SJ Reply at 1.  This argument

---

[1] Even if D.C. law were read, as plaintiffs' strained reading suggests, to conflict with federal law, it is pre-empted.  See U.S. Const. art. VI, cl. 2; Gade v. National Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 103 (1992) ("A state law . . . is pre-empted if it interferes with the methods by which the federal statute was designed to reach [its] goal").

[2] Any other outcome would lead to the anomalous situation whereby foreign plaintiffs could circumvent this explicit, Congressionally imposed residency requirement for jurisdiction merely by virtue of their choice of a personal representative.  Cf. 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.").

is based on a misconstruction of the statute stemming from plaintiffs' failure to take all of its

relevant provisions into account.  The appointment of a guardian is indeed authorized if "the

Attorney General has declined to disclose to the petitioner the current identity and location of the

protected person against whom the judgment was entered."  18 U.S.C. § 3523(b)(3).  However,

this is only half the story, because for purposes of appointing a guardian, the option of disclosing

or declining to disclose this information is present only "[i]f the Attorney General determines

that the [protected] person has not made reasonable efforts to comply with the judgment."  18

U.S.C. § 3523(a) (emphasis added).  Plaintiffs here overlook the critical fact that the Attorney

General determined that defendant Townley has made reasonable efforts to comply with the

judgment, and therefore disclosure is not an option.  18 U.S.C. § 3523(a).[3]  Thus, plaintiffs are

not entitled to the appointment of a guardian on grounds that the Attorney General refused to

disclose defendant Townley's identity and location, when the option of disclosure is by statute

not even available to the Attorney General.[4]

---

[3] Plaintiffs declare that the allegedly mandatory appointment of a guardian strikes the proper balance between the safety of protected persons and the rights of plaintiffs who hold judgments against them.  Pl. SJ Reply at 5.  The proper balance is struck, however, only by construing the statute as a whole.  A complete reading of § 3523 indicates that a guardian can be appointed only if the Attorney General has declined to disclose the identity and location of the protected person, a decision which he is authorized to make only after determining that the person has not made reasonable efforts to comply with the judgment.  18 U.S.C. § 3523(a).

[4] The Attorney General has therefore not actually "declined" plaintiffs' alleged requests for disclosure in the sense contemplated by the statute, see Pl. SJ Reply at 2, because he has never reached this question.

Moreover, contrary to plaintiffs' claim, Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Pretrial Conference ("Pl. Pretrial Reply") at 2, it is not "untrue" that plaintiffs "failed to respond to the May 17, 2007 invitation by the Director of the Witness Security Program to meet regarding this matter before the complaint in this case was filed."  See Opposition to Plaintiffs' Motion for Summary Judgment at 3 n.1.  Defendants' records show that

Even if the language of the statute were not clear (which it is), the Attorney General's interpretation of the Federal Witness Security Program, which he is authorized to administer, 18 U.S.C. § 3521, should be accepted. See United States v. Mead, 533 U.S. 218, 235 (2001) (finding that deference should be accorded to an administrative judgment that is persuasive, and that brings the benefit of specialized experience to bear on the case); Brown v. United States, 327 F.3d 1198, 1205 (D.C. Cir. 2003) (same). The Attorney General has interpreted the statute to mean what its terms plainly state, i.e., that disclosure can occur only if he determines that the protected person has not made reasonable efforts to comply with the judgment, a situation not present here. See June 1, 2007 letter from T'Kach to Johnson (stating that "if [Mr. Townley] declines to take satisfactory steps to comply with the judgment, his location and identity may be divulged so that collection of the debt can be pursued directly") (attached to Memorandum in Support of Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment). Deference to the view that it is premature to consider disclosing defendant Townley's identity and location – a decision which would strip all protection from a critical cooperating witness who has agreed to make reasonable efforts to satisfy an outstanding money judgment – is particularly warranted given the high degree of discretion Congress has conferred on the Attorney General concerning protection decisions, which are not subject to judicial review. See

---

no responsive call to, or meeting with, anyone in the Witness Security Program, or for that matter, anyone in the Criminal Division (which sent the May 17 letter) or in the entire Department of Justice, occurred until June 4, 2007, three days after the June 1 filing of the Complaint. See Declaration of Stephen J. T'Kach ("T'Kach Dec.") ¶ 8 (attached as Exhibit 1 to Memorandum in Support of Defendants' Motion to Dismiss, or Alternatively, for Summary Judgment). In that June 4 telephone call plaintiffs' counsel informed Department of Justice officials that they could not meet until sometime later. Plaintiffs contend that they spoke by telephone and met with Department of Justice officials in response to the May 17 letter, but they carefully omit to state the date(s) on which these events occurred. See Pl. Pretrial Reply at 2.

18 U.S.C. § 3521(f).  Under this special program, protected persons are statutorily exempt from ordinary public inquiries, 18 U.S.C. § 3521(b)(1)(G); from ordinary official inquiries, id. § 3521(b)(3); from federal and state convicted offender registration laws, id. § 3521(b)(1)(H); from standard government open procurement procedures, id. § 3521(b)(1)(I); and from open civil judgment procedures, id. § 3523(b)(4).  The Attorney General's interpretation is consistent with these confidentiality provisions and should be accorded deferential treatment.

In failing to read § 3523(b)(3) in conjunction with § 3523(a), Pl. SJ Reply at 3, plaintiffs violate a fundamental principle of statutory construction that subsections of a statute must be construed together.  See Erlenbaugh v. United States, 409 U.S. 239, 244 (1972) (noting that the rule that statutes in pari materia should be construed together "is a logical extension of the principle that individual sections of a single statute should be construed together"); Echostar Satellite L.L.C. v. FCC, 457 F.3d 31, 37 (D.C. Cir. 2006) (reading sections of same statute in tandem); Motion Picture Ass'n of Am., Inc. v. FCC, 309 F.3d 796, 801 (D.C. Cir. 2002) ("Statutory provisions in pari materia normally are construed together to discern their meaning.").  Subsection (a) describes the circumstances under which the Attorney General may disclose (or decline to disclose) the identity and location of a protected person, i.e., "[i]f the Attorney General determines that the person has not made reasonable efforts to comply with the judgment."  18 U.S.C. § 3523(a) (emphasis added).  The notion that a guardian must be appointed pursuant to subsection (b)(3) considered in isolation, even where the Attorney General has found reasonable efforts to comply with the judgment, ignores an entire subsection of the statute.  A complete reading of the statute also defeats the contention that the Attorney General's obligations under 18 U.S.C. § 3523(a) do not diminish plaintiffs' alleged right to a guardian

under 18 U.S.C. § 3523(b) (3), Pl. SJ Reply at 2, since the appointment of a guardian under

§ 3523(b)(3) is subject to the conditions in § 3523(a).

Plaintiffs misconstrue the terms of the statute in asserting that § 3523(b) "specifically

directs" judgment-holders to bring suit seeking appointment of a guardian and contemplates such

an appointment even where the Attorney General determines pursuant to § 3523(a) that

reasonable compliance efforts have been made.  Pl. SJ Reply at 2.  Section § 3523(b) does not

"specifically direct" suit.  Rather, it states that a judgment holder "may" bring an action against

the protected person upon a decision by the Attorney General to deny disclosure of that person's

identity and location.  18 U.S.C. § 3523(b)(1).  Furthermore, § 3523(b) does not suggest that the

terms of § 3523(a) should be ignored, or that a guardian should be appointed even when the

Attorney General has found that reasonable compliance efforts have been made.

The assertion that the seven subsections of 18 U.S.C. § 3523(b) contain additional "bases

for relief" beyond those in § 3523(a), Pl. SJ Reply at 2 n.3, is inaccurate.  Other than

§ 3523(b)(3), which requires the appointment of a guardian under certain circumstances not

present here, none of the subsections of § 3523(b) could reasonably be interpreted as offering

additional bases for the appointment of a guardian.  Instead, they describe the circumstances

under which a lawsuit may be filed for enforcement of a judgment, § 3523(b)(1); the appearance

of the Attorney General in such a lawsuit, § 3523(b)(2); the guardian's duties, § 3523(b)(4), and

powers, § 3523(b)(5); the fixing and assessment of costs, § 3523(b)(6); and the requirement that

the guardian's efforts not be impeded by the Department of Justice, § 3523(b)(7).  These do not

furnish additional "bases" for relief.

**3.      No Discovery Is Authorized**

Plaintiffs ask for far-reaching discovery regarding defendant Townley's assets.  Pl. SJ

Reply at 6; Rule 56(f) Affidavit in Support of Plaintiffs' Opposition to Defendants' Motion to

Dismiss, Or Alternatively, for Summary Judgment.  Such discovery is not countenanced by the

statute, which does not authorize discovery by plaintiffs under any circumstances, even if a

guardian is appointed.  See 18 U.S.C. § 3523(b)(4).  In particular, the statute does not authorize

discovery to second-guess the Attorney General's determination as to whether the protected

person has made reasonable efforts to comply with the judgment.  18 U.S.C. § 3523(a) (stating

that "the Attorney General shall determine whether the person has made reasonable efforts to

comply with the judgment").  Here that determination was based on a sworn affidavit from

defendant Townley and the representations of a member of the Bar.  See T'Kach Dec. ¶ 7.

**CONCLUSION**

For these reasons, defendants' motion to dismiss, or alternatively, for summary judgment

should be granted, and plaintiffs' motion for summary judgment should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

**/s/ Lisa A. Olson**
LISA A. OLSON
U.S. Department of Justice, Civil Division
20 Mass. Ave., N.W., Room 7300
Washington, D.C. 20530
Telephone: (202) 514-5633

Telefacsimile: (202) 616-8470
E-mail: lisa.olson@usdoj.gov

Dated: Dec. 14, 2007                          Counsel for Defendants