UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA GONZALEZ-VERA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL VERNON TOWNLEY, et al.,<br><br>Defendants. | Civil Action 07-00995  (HHK) |

**MEMORANDUM OPINION**

Plaintiffs Laura Gonzalez-Vera and Aaron Lloyd (together, "plaintiffs") bring this action against defendants Michael Vernon Townley, United States Attorney General Eric Holder ("AG"), and the United States of America ("Government") (together, "defendants").  Townley is a person under the protection of the federal Witness Security Program, 18 U.S.C. § 3521 *et seq*. (2006) ("WSP"), and plaintiffs seek to enforce a civil judgment against him.  Accordingly, they name Townley as a defendant, but the *de facto* respondent pursuant to 18 U.S.C. § 3523(b) is the AG.  Essentially, plaintiffs ask the court to appoint a guardian to enforce their judgment against Townley.  Before the court are two dispositive motions:  plaintiffs' "motion for summary judgment" [#9] and defendants' "motion to dismiss, or alternatively, for summary judgment" [#12].  Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that plaintiffs' motion must be  DENIED and defendants' motion must be GRANTED.

## I. BACKGROUND

Plaintiff Gonzalez-Vera is the widow of Carlos Soria, and plaintiff Lloyd is the personal representative of his estate. They hold a judgment against Townley for his role in Soria's murder. *See Gonzalez-Vera v. Kissinger*, 1:02-cv-02240, Order Granting Def. Judg. (November 23, 2005). Their efforts to enforce the judgment are governed by 18 U.S.C. § 3523, which provides:

> (a) If a person provided protection under this chapter is named as a defendant in a civil cause of action arising prior to or during the period in which the protection is provided . . . . The Attorney General shall make reasonable efforts to serve a copy of the process upon the person protected at the person's last known address. The Attorney General shall notify the plaintiff in the action whether such process has been served. If a judgment in such action is entered against that person the Attorney General shall determine whether the person has made reasonable efforts to comply with the judgment. The Attorney General shall take appropriate steps to urge the person to comply with the judgment. *If* the Attorney General determines that the person *has not made reasonable efforts* to comply with the judgment, the Attorney General *may*, after considering the danger to the person and upon the request of the person holding the judgment *disclose the identity and location of the person* to the plaintiff entitled to recovery pursuant to the judgment.
>
> ***
>
> (b)(1) Any person who holds a judgment entered by a Federal or State court in his or her favor against a person provided protection under this chapter may, upon a *decision* by the Attorney General *to deny disclosure* of the current identity and location of such protected person, bring an action against the protected person in the United States district court in the district where the person holding the judgment (hereinafter in this subsection referred to as the "petitioner") resides. . . .
>
> ***
>
> [(b)](3) Upon a determination (A) that the petitioner holds a judgment entered by a Federal or State court and (B) that the Attorney General has *declined to disclose* to the petitioner the current identity and location of the protected person against whom the judgment was entered, the court shall appoint a guardian to act on behalf of the petitioner to enforce the judgment. . . . The Attorney General *shall disclose* to the guardian the current identity and location of the protected person and any other information necessary to enable the guardian to carry out his or her duties . . . .

18 U.S.C. § 3523 (emphasis added). The issue before the court is how to interpret these provisions.

2

There is no dispute that the AG has complied with his obligations under § 3523(a): the AG served Townley with process and notified plaintiffs that Townley had been served; and after plaintiffs secured a default judgment against Townley, the AG determined that Townley would make reasonable efforts to comply with that judgment by paying $75 per week until his retirement. Therefore, plaintiffs ask nothing more of the AG with respect to § 3523(a). Pursuant to § 3523(b), however, plaintiffs contend that the court must appoint a guardian to enforce their judgment and that the AG must disclose Townley's identity and location to that guardian to facilitate that enforcement. The AG counters that plaintiffs have no right to a guardian and that § 3523(b) imposes no obligation on him. The parties offer conflicting interpretations of § 3523(a)-(b) in support of their positions.

## II. ANALYSIS

The instant motions present a straightforward question of statutory interpretation: whether plaintiffs are entitled to a court-appointed guardian under § 3523. "In resolving a question of statutory interpretation, a court's starting point is always the language of the statute." *Saadeh v. Farouki*, 107 F.3d 52, 57 (D.C. Cir. 1997) (citing *Commissioner of Internal Revenue v. Engle*, 464 U.S. 206, 214 (1984)). "If the language is plain on its face, courts do not ordinarily resort to legislative history." *Id.* (citing *Garcia v. United States*, 469 U.S. 70, 76 n.3 (1984)). Furthermore, "It is a generally accepted precept of interpretation that statutes or regulations are to be read as a whole, with each part or section . . . construed in connection with every other part or section." *American Federation of Government Employees, Local 2782 v. Federal Labor Relations Authority*, 803 F.2d 737, 740 (D.C. Cir. 1986) (internal quotation omitted). And "the cardinal principle of statutory construction [is] that courts must give effect, if possible, to every clause and word of a statute . . . ." *Williams v. Taylor*, 529 U.S. 362, 364 (2000).

Plaintiffs contend that the court must appoint a guardian pursuant to § 3523(b). In support of their contention, plaintiffs argue that the court must appoint a guardian if they can establish two preconditions: first, that they "hold[] a judgment entered by a Federal or State court"; and second, that the Attorney General has declined to disclose to the petitioner the current identity and location of the protected person against whom the judgment was entered. § 3523(b)(3)(A)-(B). According to plaintiffs, they have established both conditions: they hold a valid judgment against Townley, and the AG has declined to disclose Townley's identity and location to them. Accordingly, plaintiffs contend that the court must appoint a guardian under a plain reading of § 3523(b)(3).

Defendants counter that plaintiffs have no right to a guardian under § 3523(b)(3). Defendants acknowledge that plaintiffs hold a judgment and thus have established the first precondition, but they contend that plaintiffs cannot establish the second precondition. According to defendants, the error in plaintiffs interpretation of § 3523 is that it completely ignores § 3523(a). Specifically, defendants point out that § 3523(a) only authorizes the AG to disclose Townley's identity and location to plaintiffs "if the [AG] determines that [Townley] has not made reasonable efforts to comply with the judgment." § 3523(a). Here, the AG has not made such a determination. Indeed, the AG determined that Townley will make reasonable efforts to comply with the judgment. Thus, the AG "has [not] declined to disclose" Townley's identify to plaintiffs because the statute never authorized him to do so in the first place. § 3523(b)(3). Accordingly, defendants contend that plaintiffs have not satisfied the second precondition, and they are not entitled to a court-appointed guardian.

The court agrees with defendants. The AG has not *declined* to reveal Townley's identity and location within the meaning of the statute because § 3523(a) does not authorize a disclosure unless the AG determines that Townley has not made reasonable efforts to comply with the judgment.

4

Plaintiffs admitted as much before this litigation, and they requested nothing more from the AG. (*See Pls.' Mot. Summ. J., Ex. C, at 9* (They requested: "[i]f it is determined that Defendant Townley has not made reasonable efforts to comply with the judgment, that the Attorney General disclose the identity and location of Defendant Townley to Plaintiff's counsel."); *id.* at 15 (same).) The AG determined that Townley will make reasonable efforts to comply with the judgment.[1] Under § 3523(a), once the AG has made that determination, the statute authorizes him to do nothing more. Therefore, plaintiffs have not satisfied § 3523(b)(3)(B), and they are not entitled to a guardian.[2]

What necessarily follows from this conclusion goes beyond plaintiffs having failed to satisfy § 3523(b)(3)(B). Indeed, the statute does not authorize petitioners to bring this case at all. Specifically, the statute authorizes plaintiffs to bring this action only "upon a *decision* by the Attorney General to deny disclosure of [Townley's] current identity and location . . . ." § 3523(b)(1) (emphasis added). Here, the AG did not make a "decision . . . to deny disclosure" because the AG was not authorized to disclose Townley's identity. *Id*. The statute grants the AG authority to disclose Townley's identity only upon finding that Townley was not making reasonable efforts to comply with the judgment. *See* § 3523(a). The AG made no such determination. Accordingly, he could not disclose Townley's identity. The AG had no choice, no discretion, no decision. *See id*.

---

[1] Plaintiffs suggest that the AG incorrectly determined that Townley will make reasonable efforts to comply with the judgment. Indeed, plaintiffs contend that Townley has more assets than the AG has located and thus is able to make a greater payment than the $75 per month payment, which the AG specified. These arguments, however, are not relevant to the question of statutory interpretation before the court.

[2] The relevant legislative history supports this conclusion. During the floor debate, Rep. Moorehead described the purpose of the statute as follows: "H.R. 4249 would codify the existing practice of the Department to disclose the new name and location of the protected witness if the person *refuses to honor* an outstanding judgment." 130 Cong. Rec. 13016 (1986) (emphasis added). Thus, according to Rep. Moorehead, the statute only contemplates disclosing the name and location of a protected witness, like Townley, if the AG first determines that Townley is not making reasonable efforts to comply with or "to honor" the judgment against him. *See id*.

The "decision," which the AG may have had before him, lies in his discretionary authority to disclose or not disclose Townley's identity based on his assessment of the "danger" that Townley would face from disclosure. *See id*. The statutes does not authorize the AG to make this assessment nor this decision, however, unless he determines that Townley has not made reasonable efforts to comply with the judgment. Therefore, once the AG determined that Townley would make reasonable efforts to comply, no decision was before him. Accordingly, plaintiffs lack statutory authorization to bring this suit.[3]  *See* § 3523(b)(1).

Accepting all allegations as true, the court holds that this action must be dismissed because plaintiffs can prove no set of facts in support of any of their claims that would entitle them to relief.[4] *See Gray v. Bell*, 712 F.2d 490, 493 n.2 (D.C. Cir. 1983); *see also* FED. R. CIV. P. 12(b).

---

[3] The only federal case that has interpreted § 3523 supports this conclusion. *See Hermanson v. Hunter*, Civ. No. 07-00936, 2008 WL 2856470, *3-4 (N.D. Cal. July 23, 2008) (holding that the district court lacked subject matter jurisdiction because the plaintiff had no right to bring suit and because the United States had not waived its sovereign immunity; both conclusions were based on the finding that the plaintiff did not ask the AG to disclose the protected person's identity, and, therefore, the AG did not make a *decision* to deny disclosure). Unlike the court in *Hermanson*, the court here finds no issue with respect to sovereign immunity. The reason is that § 3523(b)(1) only authorizes a plaintiff to bring a suit "against the protected person," not against the AG or the United States. The only burden that § 3523(b)(2) places on the AG is to "appear in the action" and "affirm or deny" certain allegations in the complaint. Accordingly, neither the AG nor the United States is a proper defendant in this case. Thus, were the court not dismissing the entire case, it certainly would dismiss the AG and the United States. That said, the court holds only that § 3523 did not authorize plaintiffs to bring this suit, and, therefore, this action must be dismissed.

[4] The court need not address defendants' argument that plaintiffs cannot bring this suit because they do not reside in this district nor need the court address the host of policy arguments raised by the parties.

## III.  CONCLUSION

For the foregoing reasons, it is this 18th day of February 2009, hereby

**ORDERED** that plaintiffs' motion for summary judgment [#9] is DENIED, and that defendants' motion to dismiss, or in the alternative, for summary judgment [##12, 16] is GRANTED.  The court will enter a FINAL JUDGMENT in accordance with this Memorandum Opinion.